# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

HAROLD SHAWGNESSY SIMS                                                           PLAINTIFF
ADC #650028

v.                                          4:19-cv-00702-JM-JJV

MARTY BOYDE, *et al*.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Harold Shawgnessy Sims ("Plaintiff") is incarcerated at the Craighead County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff sued multiple officials of the Craighead County Detention Center. (*Id*. at 1-2.) He complains of various conditions at the Detention Center, from the age of the building to the sleeping conditions to tobacco use to mail being held up. (*Id*. at 5-13.)

On October 8, 2019, I denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* based on his litigation history. (Doc. No. 3.) As I noted in the October 8 Order, Plaintiff does not allege that he is in imminent danger of the serious physical harm contemplated by 28 U.S.C. § 1915(g), and his Complaint does not otherwise imply or indicate that he is in imminent danger of serious physical harm. (*Id*.) Because I determined Plaintiff was not in imminent danger, I directed him to pay the $400.00 filing and administrative fee within fourteen days if he wished to proceed with this lawsuit. (*Id*.)

More than fourteen days have passed since the October 8, 2019 Order was entered and Plaintiff has not paid the filing fee. Plaintiff did, however, file a Response to the October 8 Order disputing my finding that he is not in imminent danger. (Doc. No. 4.) In support of his position,

2

Plaintiff argues that: he is served three meals a day by other inmates who touch and prepare the meals; the inmates do not wear hair or beard nets, allowing DNA to fall into the meals; the inmates have not been tested for blood-borne diseases such as Hepatitis A, among others; the only test that has been given to any of the inmates is for tuberculosis, and the TB test is given only after 14 days in custody, which is, according to Plaintiff, "way too long"; the plastic dishes on which the food is served are old and falling apart, and in the past he choked on a piece of plastic that came off. (*Id*. at 1-3.)  He further claims that he is in imminent danger by using the toilets at the Detention Center because they are "unclean, unsanitized, [and] contaminated." (*Id*. at 2.)  Plaintiff also maintains he is in danger because there is no procedure to "delice" at intake. (*Id*.)

Neither Plaintiff's Complaint nor his Response establish he is in imminent danger.  General allegations about his conditions of confinement that are not grounded in specific facts indicating that serious physical danger is imminent are insufficient to invoke § 1915(g)'s exception.  *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  I find nothing in Plaintiff's filings indicates he is in imminent danger of serious physical harm.  Accordingly, I recommend that this action be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 17th day of October 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE